IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON J. JONES,

       Plaintiff,

v.                                                                 CIV. NO. 13-683-GBW

CAROLYN W. COLVIN,
*Acting Commissioner of the*
*Social Security Administration*,

       Defendant.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. *Doc. 28*. On September 30, 2014, this Court granted Plaintiff's Motion to Reverse and Remand the Commissioner's denial of social security disability benefits and remanded this action to the Commissioner. *Doc. 27*. Plaintiff filed the instant Motion for Fees Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, on October 14, 2014. *Doc. 28*.

**I.    STATEMENT OF LAW**

The EAJA states that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action[.]" 28 U.S.C. § 2412(d)(1)(A). The burden falls on the party requesting attorney's fees to establish the reasonableness of both an attorney's hourly fee and the number of hours worked.

*Hensley v. Echerhart*, 461 U.S. 424, 437 (1983); *Sommerville v. Astrue,* 555 F. Supp. 2d 1251, 1253 (D. Kan. 2008).  Ultimately, "the amount of the attorney's fee to be awarded is a decision that lies within the Court's discretion."  *Myer v. Barnhart*, No. 04-4077, 2005 WL 3084898, at *1 (D. Kan. Nov. 3, 2005).

## II. ANALYSIS

Plaintiff has requested $15,003.50 in EAJA fees for 81.1 hours of work, billed at a rate of $185 per hour.  *Doc. 28* at 1, Ex. 1 at 3-4.  The Commissioner does not dispute that Plaintiff is the prevailing party, but opposes the motion on the grounds that the amount of fees requested is excessive.  In particular, the Commissioner objects to counsel's "imprecise" billing of time and contends that the 81.1 hours claimed "is well above the norm."  *Doc. 29* at 3-4.[1]

### A. Plaintiff's Counsel's Billing Method

The Commissioner first contends that Plaintiff's attorney "chose to bill his time in no less than 12 minute increments," a practice that most likely led to "inaccuracies in billing."  *Doc. 29* at 3-4.  For example, Plaintiff's attorney recorded 12 minutes of work for items such as noting the appearance of counsel or the issuance of a summons—tasks expected to take a negligible amount of time or no time at all.  Defendant contends that these items can add up quickly, leading to unreasonable billing.

---

[1] Defendant also objected to Plaintiff's request that the EAJA award be paid directly to his attorney. Plaintiff later conceded this point in his reply.  *Doc. 30* at 3.

The Court finds Defendant's argument well-taken and will reduce the hours on Plaintiff's attorney's Time & Expense Summary accordingly. Specifically, the Court will reduce hours on all entries that were billed for 0.2 or 0.3 hours and that consisted only of "Attention to correspondence." These items involve documentation that would not require considerable review by counsel, such as—in addition to the two items mentioned above—orders on unopposed motions to seal, the notice of consent to proceed before a magistrate judge, and orders on routine extensions. In total, these entries make up 2.4 hours of Plaintiff's attorney's billed time.[2]

The Court concludes that the time billed for these *de minimis* items is excessive, and agrees that counsel should have billed in smaller increments in order to improve accuracy and avoid unreasonable billing. *See, e.g., Republican Party of Minn. v. White*, 456 F.3d 912, 920 (8th Cir. 2006) (reducing all routine items billed for a quarter-hour into tenth-hour charges); *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 825 F. Supp. 2d 226, 230-31 (D.D.C. 2011) (billing in half-hourly increments inappropriate); *Reed v. Rhodes*, 934 F. Supp. 1492, 1507 (N.D. Ohio 1996), *aff'd,* 179 F.3d 453 (6th Cir. 1999) ("[T]he acceptable general practice . . . is to accrue expended time in a given controversy in one-tenths of an hour (6–minute) increments"). Accordingly, the Court will reduce the amount of time spent on these tasks from 2.4 hours to 1.0 hour.

---

[2] These are the items billed in 2013 on July 23, July 26, July 29, August 15, September 4, October 15, October 16, October 21, October 22, October 25, and December 19. *Doc. 28*, Ex. 1 at 3-4

### B. Reasonableness of Plaintiff's Attorney's Claimed Hours

Defendant next argues that Plaintiff has requested attorney's fees for hours significantly "above the norm," yet he "has not established the reasonableness of his request . . . ." *Doc. 29* at 3-4. The Commissioner remarks that "Social Security cases typically require 20 to 40 hours of attorney time," which is significantly less than the 81.1 hours billed by Plaintiff's attorney. *Doc. 29* at 5. In light of the foregoing, the Commissioner requests that Plaintiff's fees be reduced to no more than $7,400 for 40 hours of work at a rate of $185 per hour.

First, the Commissioner contends that this was a typical case with a relatively short transcript that "did not include extremely difficult or novel legal issues." *Doc. 29* at 4. She notes that the Court remanded the case based on the ALJ's improper evaluation of Plaintiff's treating physicians' opinions—a common error in disability cases. In support of this position, the Commissioner cites to a recent order from this district in which the Court reduced an attorney's request for fees for 52.55 hours of work to fees for 33.1 hours. *See Romero v. Colvin*, No. 11cv994-JB/SMV (D.N.M. June 26, 2014). That case also involved a remand based on an error by the ALJ in applying the treating physician rule. In reducing the number of hours billed on Plaintiff's brief-in-chief and reply brief to 12 hours and 6 hours, respectively, the Court noted that "there was nothing novel or complex about this issue." *Id.* at 9. Further, "[t]he remainder of

4

Plaintiff's briefing was either totally lacking in merit or, at best, not useful to the Court in reaching its decision." *Id.*

Plaintiff replies that "attorney's fees are not to be 'averaged out' among the totality of all motions for such awards," but should instead be calculated based on the "unique set of facts, records, issues and requirements for research" of any one particular case. *Doc. 30* at 1. Defendant correctly points out that the Court based its decision to remand on a common error—the ALJ's failure to follow the treating physician rule. However, Plaintiff also made additional arguments in his brief that required research and drafting, and the Court does not find these arguments to be "totally lacking in merit." Plaintiff's counsel further argues that this case was "fact-intensive," and that he was required to "spend a large amount of time reviewing the record" because he had not represented Plaintiff at his administrative hearing or before the Appeals Council. *Doc. 30* at 2.

Plaintiff's counsel also points to two other cases in the District of New Mexico for which he was granted attorney fees for 48.6 and 71.0 hours of work: *Zamora v. Colvin*, No. 13cv559-LAM (D.N.M. Aug. 21, 2014) and *Clemons v. Colvin*, No. 13cv651-KBM (D.N.M. Aug. 26, 2014). He contends that the Court should award attorney's fees for the full 81.1 hours claimed in the instant case because, like in those other two cases, his recorded hours "quite properly[] fluctuate in accordance with the amount of time

5

demanded of an attorney to represent his or her client with competence and zeal." *Doc. 30* at 2.

The Court first notes that the hours counsel worked in the two cases cited by Plaintiff were not challenged by the Defendant. But even using those cases as a benchmark, Plaintiff's counsel's claimed hours in this case would be excessive. In *Zamora* and *Clemons*, Plaintiff was awarded attorney's fees for 23.8 and 42.7 hours on the brief-in-chief, and 10.4 and 16.2 hours on the reply, respectively. Here, Plaintiff's attorney billed 51.9 hours[3] for researching and drafting the brief-in-chief, and 13.6 hours[4] for reviewing Defendant's response and preparing the reply. While it appears that Plaintiff's attorney indeed represented her client with "competence and zeal," the issues involved in Plaintiff's case were not so unique or unusual as to require this many hours of work. Rather, the Court believes that 35 hours and 10 hours would have been sufficient to complete the brief-in-chief and reply, and will therefore limit counsel's billed hours in this manner.

### III. CONCLUSION

In accordance with the Court's findings above, the Court shall deduct 1.4 hours from Plaintiff's counsel's Time & Expense Summary for time spent on *de minimis* items, 16.9 hours for time spent drafting Plaintiff's brief-in-chief, and 3.6 hours for time spent drafting Plaintiff's reply brief.

---

[3] This includes items billed December 9-17, 2013, and December 23-24, 2013.
[4] This includes items billed February 24, 2014, March 6-8, 2014, and March 11, 2014.

IT IS THEREFORE ORDERED that Plaintiff is entitled to a total of $10,952 in attorney's fees for 59.2 hours of work billed at the rate of $185 per hour.

IT IS FURTHER ORDERED that, if Plaintiff's counsel receives attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**